IN THE OREGON TAX COURT
MAGISTRATE DIVISION

Larry E. CONLEE
and Juanita M. Conlee,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC-MD 001094F)

Larry E. and Juanita M. Conlee, Plaintiffs, argued the cause *pro se*.

Kay Moreau, Auditor, Department of Revenue, Salem, argued the cause for Defendant.

Decision for Defendant rendered June 12, 2001.

### SALLY L. KIMSEY, Magistrate.

Plaintiffs seek a refund of taxes paid on disability retirement benefits received by Larry Conlee for the 1997 and 1998 tax years. Trial was held in Salem February 7, 2001. Larry and Juanita Conlee appeared for themselves. Kay Moreau, Auditor, appeared for Defendant.

### STATEMENT OF FACTS

Larry Conlee (Conlee) began working as a law enforcement officer for Multnomah County in 1970. In 1981, the county's retirement system (MCC)[1] was integrated into Oregon's Public Employees' Retirement System (PERS). A term of the integration agreement between the State of Oregon, through PERS, and Multnomah County, is that Oregon will not reduce or impair the benefits that Multnomah County employees would receive under their prior existing retirement system. *See* ORS 238.680(2).[2]

---

[1] Multnomah County's retirement system was codified in the Multnomah County Code at chapters 3.50 and 3.70 and will herein be referred to as the MCC.

[2] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 1997.

In 1987, Conlee sustained an injury while performing his duties as an officer. He took disability retirement at that time, making an election to receive 50 percent of his final average salary as a service-related allowance for police officers and firefighters. *See generally former* ORS 237.630, *renumbered as* ORS 238.345. When he became disabled, PERS benefits were not taxable by Oregon as a term of the PERS contract. They later became taxable. *See* Or Laws 1991, ch 823 §§ 1, 3, *amending former* ORS 237.201, *renumbered as* ORS 238.445, ORS 316.680 (repealing the state tax exemption). Plaintiffs filed amended income tax returns for tax years 1997 and 1998. In the amended returns they excluded Conlee's disability retirement benefits from income. They ask for a refund of $2,144 for 1997 and $2,367 for 1998. Defendant Department of Revenue (the department) denied the refund requests.

## PARTIES' ARGUMENTS

Plaintiffs presented two arguments at trial. Their first argument is that by taxing Conlee's benefits, the state violated the term of the integration agreement not to reduce or impair the MCC benefits. Second, Plaintiffs point out that the Internal Revenue Service (IRS) accepted the disputed income as not taxable. Therefore, they argue that Conlee's disability retirement benefits should not have been taxed because Oregon follows federal income tax law with regard to defining personal income. Presumably, the IRS treated Conlee's income as workers' compensation, which is not included in gross income. The department counters that argument by pointing out that disability retirement benefits under PERS are treated the same as any other retirement benefits. Therefore, they are included in gross income. Because Conlee's disability retirement is treated by PERS the same as any other retirement benefits, the department maintains that Conlee's benefits are not workers' compensation. The department also argued that Plaintiffs' amended federal returns are still subject to audit; therefore, the notices of refund are not definitive proof that the IRS has accepted the returns.[3]

---

[3] Although the IRS may still be able to audit Plaintiffs' amended returns, the notices of refund state that "[a]s you requested, we changed your account for 1998 to correct your pension and annuities." The notice for 1997 uses the same language.

## ANALYSIS

*Does taxing Conlee's disability retirement violate the terms of the integration agreement?*

■        Plaintiffs' first argument assumes that a disability retirement received under the MCC was not taxable. The parties do not dispute that at the time the integration agreement was signed, benefits received under the MCC were not taxable. Therefore, follows the argument, because the integration agreement stated that it would not reduce or impair the MCC benefits, the department violated the integration agreement when it attempted to tax Conlee's disability retirement benefits. However, Multnomah County, as a local government, has never had the authority to exempt retirement benefits from taxation. That is because it does not have the power to tax personal income in the first place.[4] The state, not local governments, has the ability to tax personal income. That being said, Plaintiffs have not shown that taxing Conlee's disability retirement benefits under PERS is an impairment or reduction of the benefits Plaintiffs would have received under the MCC. Plaintiffs' first argument fails.

*Under the Internal Revenue Code should Conlee's disability retirement income be excluded from income?*

■        Plaintiffs correctly point out that Oregon's definition of personal income follows federal income tax law. *See* ORS 316.012. The Internal Revenue Code (IRC) provides that five kinds of compensation for injuries or sickness are not included in gross income. IRC § 104. The first type excluded from income is "amounts received under work[ers'] compensation acts as compensation for personal injuries or sickness." IRC § 104(a)(1). That exemption applies to compensation received "under a statute **in the nature of** a work[ers'] compensation act which provides compensation to employees for personal injuries or sickness incurred in the course of employment." Treas Reg § 1.104-1(b) (1960) (emphasis added). "However, [it] does not apply to a retirement pension or annuity to the extent that it is determined by reference to

---

[4] On the other hand, the state, which has the power to tax personal income, may contract away its power to tax under certain conditions. *See Hughes v. State of Oregon*, 314 Or 1, 14-16, 838 P2d 1018 (1992).

the employee's age or length of service, or to the employee's prior contributions, even though the employee's retirement is occasioned by an occupational injury or sickness." *Id.*

It is undisputed that Conlee's injury occurred during his performance as a law enforcement officer, for which he took disability retirement. However, the department notes that ORS 238.005(7)(d) defines a "retired member" of PERS as a "member who is retired for service or disability." Therefore, the department argues that PERS disability retirement is treated as early retirement that pays a pension as if the disabled employee worked to age 55. Following that logic, the department concludes that PERS disability retirement benefits are not workers' compensation payments.

■ When a statute provides benefits for occupational injuries as well as retirement and other benefits that are based on such factors as age and length of service, the occupational disability benefits may constitute a workers' compensation statute as long as the benefits are limited to only work-related injuries. *See Burgess v. Commissioner*, 51 TCM (CCH) 1138 (1986); Rev Rul 83-91, 1983-1 CB 38. A statute that authorizes the payment of disability benefits, but does not distinguish between occupational and nonoccupational injuries is not a workers' compensation statute. *Haar v. Commissioner*, 78 TC 864, 867-68 (1982), *aff'd per curiam*, 709 F2d 1207, 83-2 US Tax Cas (CCH) ¶ 9451 (8th Cir 1983). Whether or not the injury was occupational is irrelevant because it is the **statute** that must be limited to occupational injuries. *Id.*

Conlee took disability retirement in 1987 due to an injury that occurred while performing his duties as a Multnomah County law enforcement officer. At that time, he elected the service-connected disability retirement allowance available to police officers and firefighters under ORS 238.345, formerly ORS 237.630 (1987). ORS 238.345 provides, in relevant part, that:

> "A police officer or firefighter, other than a volunteer firefighter, who would be entitled to receive disability benefits as a member of the Public Employees Retirement System under ORS 238.320(1), may elect to receive **the service-connected disability retirement allowance**

authorized under this section. The allowance authorized under this section is an amount equal to 50 percent of the police officer's or firefighter's final average salary as determined at the date of the injury causing the disability. If elected, the allowance authorized under this section is **in lieu of** any service-connected disability retirement benefit available under this chapter."

(Emphasis added.)

ORS 238.320(1) states that entitlement to receive a disability retirement allowance is in:

"an employee who is a member of the system [that] is found, after being examined by one or more physicians selected by the board, to be mentally or physically incapacitated for an extended duration, as determined by medical examination, and thereby unable to perform any work for which qualified, **by injury or disease sustained while in actual performance of duty and not intentionally self-inflicted[.]**"

(Emphasis added.)

██  ORS 238.320 specifically sets forth that the injury must have been incurred in the course of employment and makes no provision for nonoccupational injuries. The statute makes a clear distinction between occupational and nonoccupational injuries. ORS 238.320 is **"in the nature of"** a workers' compensation act. *See* Treas Reg § 1.104-1(b) (1960). Further, ORS 238.345 is available for only "service-connected disability allowance[s]." It also makes a clear distinction between occupational and nonoccupational injuries. Therefore, the amounts received by an employee under ORS 238.345 may be excluded from gross income as amounts received under a workers' compensation act pursuant to IRC section 104(a)(1).[5] *See* Rev Rul 68-10, 1968-1 CB 50.

---

[5] It is of interest to note that the MCC does not at all distinguish between occupational and nonoccupational injuries and thus would not qualify under IRC section 104(a)(1) as a benefit received that is **"in the nature of"** workers' compensation. *See* Rev Rul 85-104, 1985-2 CB 52. The MCC 3.50.120(A) provision states that "any member may be approved for retirement by the board for any physical or mental disability which renders him unable to continue service, **whether incurred in the line of duty or not[.]**" (Emphasis added.)

■ ORS 238.345 provides that the benefit allowance shall be 50 percent of the police officer's final average salary, neither of which is determined by reference to the officer's age, length of service, or contributions. Thus, no portion of the amounts received under ORS 238.345 shall be included in gross income. *See* Treas Reg § 1.104-1(b). However, any amounts Conlee received in connection with the percentage benefit increases provided by ORS 238.385(4)(b),[6] which are determined based on years of creditable service, shall be included in gross income. *See* Rev Rul 85-105, 1985-2 CB 53; Rev Rul 85-104, 1985-2 CB 52; Rev Rul 80-44, 1980-1 CB 34; Rev Rul 72-44, 1972-1 CB 31; *see also* ORS 238.385(1), (4)(b).

## CONCLUSION

Conlee took disability retirement in 1987. In doing so, he made an election under *former* ORS 237.630, renumbered ORS 238.345. That statute provides a service-connected disability allowance to only police officers and firefighters who are injured in the line of duty. ORS 238.345 is **"in the nature of"** a workers' compensation statute in accordance with IRC section 104(1)(a), so that Conlee's benefits are excluded from gross income. The additional amount received as a result of the enactment of ORS 238.385 is not "in the nature of" a workers' compensation statute and shall be included in gross income. Now, therefore:

IT IS THE DECISION OF THIS COURT that Plaintiffs shall receive a refund of taxes paid on Conlee's disability retirement benefits to the extent that they are not determined by reference to his years of creditable service.

---

[6] ORS 238.385(4)(b)(A) provides that "a member with a combined total of 10 or more years of creditable service in the system and prior service credit under ORS 238.225 but less than a combined total of 20 years" shall receive a one percent allowance increase. *See also* ORS 238.225 (regulating employer contributions).

ORS 238.385 specifically provides that the percentage increase applies to the "computation of any disability retirement allowance under ORS * * * 238.345(1)[.]" ORS 238.385(1).